Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., | Case No.: C07-1564 JSW |
| Plaintiffs, | **STIPULATION FOR ENTRY OF JUDGMENT** |
| v. | |
| WESTERN TRACTION II, INC., et al. | |
| Defendants. | |

On or about December 12, 2006 the parties hereto entered into a Settlement Agreement and Release of Claims, attached hereto as **Exhibit A,** and incorporated herein. The terms of this Stipulation shall control in the event of any conflict with that Agreement.

1. The above referenced Agreement provided for monthly payments to be made by Defendant to Plaintiffs, to pay for delinquent employee benefit contributions for the period August 1, 2003 through July 31, 2006, and other amounts incurred thereon. Defendant failed to make all of the agreed monthly payments, and further failed to "remain current on all fringe benefit contributions" for the period from July 2006 through February, 2007, as provided in the Agreement. The within action was therefore filed on March 19, 2007.

///

2. On September 12, 2007, mediation in this action resulted in the following agreement:

   A. Under the terms of Exhibit A hereto, 10 payments of $11,000.00 each, plus one payment of $5,081.22 remain to be paid for contributions and presettlement interest only, all totaling $115,081.22.

   - Defendant shall make nine (9) payments of **$11,000.00,** to be received on or before the **20th days of September through November, 2007, and March through August, 2008.** Defendant shall make three (3) payments of **$6,000.00** to Plaintiffs on or before the **20th days of December, 2007 through February, 2008.** The payment of $1,918.78 in excess of the $115,081.22 owed for the August 20, 2008 payment shall be applied to amounts due under paragraph B below.

   B. As shown on **Exhibit B** hereto, the parties agree that Defendant owes the amount of **$131,341.60** to Plaintiffs for unpaid contributions for August, 2006 through February, 2007, and April, 2007. After applying the excess $1,918.78 from above paragraph 2A, the balance of $129,422.82 shall be paid as follows:

   - Beginning **September 14, 2007**, Defendant shall make 26 weekly payments to Plaintiffs in the sum of **$5,000.00,** on or before **every Friday** of September through November and of April through July of every year until the above contributions are paid in full. The payment of the excess of the balance in the last of these payments shall be applied to amounts due under Paragraph C below.

   C. The remaining amounts totaling $62,236.39 plus interest as provided in paragraph D below, shall be paid by Defendant as follows:

   - Beginning **September 20, 2008 through November, 2008,** and in **March 2009 through November, 2009,** and for those months each year thereafter until paid in full, Defendant shall continue to make monthly payments of **$11,000.00.** Defendant shall make monthly payments of **$6,000.00** from **December, 2008 through February, 2009,** and for those months each year thereafter until paid in full, each to be received on or before the **20th** of each month, until the following agreed amounts, and those under paragraph D below, are paid in full:

     1. Interest incurred on default of prior Settlement:   $16,644.69

        2.      Interest incurred on unpaid contributions
             for 8/06-2/07 and 4/07 (to 9/15/07):
             15,811.47
        3.      Audit for period 8/02-3/07:
             Contributions,    $10,691.98
             Interest,             5,936.49
             Mistaken payments, (4,291.81)
             Audit fees (half)     5,443.57      17,780.23
        4.  Attorneys fees as agreed (through 9/14/07):      12,000.00

                                        **TOTAL:**      **$62,236.39**

D. Interest shall accrue at the rate of 12% per annum on the unpaid balances of amounts shown in sections A and B above, but that interest shall not reduce the application of amounts paid under the terms of paragraphs 2A and B above. Rather, the accrued interest shall be paid as continued payments under paragraph C above. Any late paid contributions and liquidated damages incurred under the terms of paragraph F below, and any additional amounts incurred under the terms herein, shall be paid by continuing monthly payments of $11,000 from March through November and of $6,000 from December through February of each year until all amounts due are paid to Plaintiffs in full. Plaintiffs shall advise Defendant in writing prior to the final payment, of the additional amounts accrued hereunder, to be paid by Defendants.

E. Defendant shall make payments described in paragraphs A through D above to the "*Operating Engineers Local Union No. 3 Trust Funds*" and deliver them to Saltzman & Johnson Law Corporation, Attention: Muriel B. Kaplan, Esq., 120 Howard Street, Suite 520, San Francisco, CA 94105 or to such other address as may be specified by plaintiffs. Those payments shall be received by Saltzman & Johnson *on or before* their due dates of each Friday ($5,000.00) and the 20th days of each month ($11,000.00 and $6,000), summarized as follows:

///

| | |
|---|---|
| 9/14/07-11/07: | $5,000 weekly, $11,000.00 monthly |
| 12/07-2/08: | $6,000.00 monthly |
| 3/08 | $11,000.00 |
| 4/14/08-11/08 | $5,000 weekly, (until 6/11/08) 11,000.00 monthly |
| 12/08-2/09 | $6,000.00 monthly (same period annually), and |
| 3/09-11/09 | $11,000.00 monthly, (same period annually), until all amounts herein are paid |

F. Beginning with contributions due for hours worked by defendant's employees during the month of August, 2007, to be received by the Plaintiff Trust Funds no later than September 15, 2007, and for every month thereafter until this stipulation is satisfied, defendant shall remain current in contributions due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882-9287, on the same day they send the payment to the Trust Fund.**

G. Any unpaid or late paid contributions, together with 15% liquidated damages and 12% per cent per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of Defendant's debt to Plaintiffs, and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this Stipulation are in addition thereto.

H. Upon entry of this Stipulation, Plaintiffs shall dismiss this action *with prejudice* as to Ron Carlston, Jr. individually, and dismiss *without prejudice* as to Western Traction II,

///

Inc., subject to the terms of paragraph 3(b) below, for which the court shall retain jurisdiction.

3. Failure by Defendant to fax and remain current in its contributions, or failure to make any payment required in sections A through G above, shall constitute a default of the obligations under this agreement. Plaintiffs shall provide notice of such default directly to Western Traction by fax to 510-683-9826, with a copy to Rodney Sweet, Esq. At 925-284-1613, providing two (2) business days to confirm payment or cure the default. Failure by defendants to do so shall result in the following:

   (a) The entire balances shown in sections 2A through G above, plus interest, reduced by principal payments received by Plaintiffs, but increased by liquidated damages of $113,328.83 ($84,128.58 under Exhibit A, plus $22,755.52 for 8/06-2/07 delinquencies, plus $6,444.73 on audit) and any unpaid contributions then due, plus 15% liquidated damages and 12% per cent per annum interest thereon as provided in above section G, shall be immediately due, together with any additional attorneys' fees and costs under section (e) below.

   (b) Plaintiffs may reopen this case for the purpose of entering judgment, upon the filing of a declaration of a duly authorized representative of the plaintiffs stating that default has occurred hereunder. Judgment may be entered for the entire balance remaining due under the terms herein, less principal payments received by plaintiffs.

   (c) A writ of execution may be obtained against Defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing

as of the date of default. <u>Defendant specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein.</u>

(d) Defendant waives notice of entry of judgment and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution.

(e) Defendant shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection of the amounts owed by defendant to plaintiffs under this Stipulation.

(f) Any check not timely submitted or submitted by defendant which fails to clear the bank, or is unable to be negotiated for any reason, shall be considered to be a default of this Stipulation. In that event, such payment shall be replaced by Defendant with a cashier's check.

4. Any failure on the part of the plaintiffs to take any action against defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendant of any provisions herein.

5. This Stipulation may be executed in counterparts, each one of which shall be deemed to be an original and all of which together shall constitute one single agreement between the parties hereto. Faxed signatures shall be deemed originals.

Dated: December 20, 2007             WESTERN TRACTION, INC.

Dated: December 24, 2007

By: _____
Ron Carlston, Jr., President
RON CARLSTON, JR, Individually

_____
Ron Carlston, Jr., Individually

Dated: December 26, 2007

OPERATING ENGINEERS LOCAL UNION No. 3
TRUST FUNDS

By: _____
Wayne McBride, Collections Manager

APPROVED AS TO FORM:

Dated: December 20, 2007

SWEET & KLEINMAN

By: _____
Rodney Sweet, Attorney for Defendants

Dated: December 20, 2007

SALTZMAN & JOHNSON LAW CORPORATION

By: _____
Muriel B. Kaplan
Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: January 2, 2008

_____
UNITED STATES DISTRICT COURT JUDGE